(Reap. Dec. 10287)

FRANK P. DOW CO., INC. v. UNITED STATES

Entry No. 6613, etc.

(Decided June 27, 1962)

*Lawrence & Tuttle* for the plaintiff.

*Joseph D. Guilfoyle,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," attached hereto, were submitted for decision upon stipulation of counsel for the parties, reading as follows:

1. That this stipulation is limited to the items marked "A" and initialed J.P.D. (Examiner's Initials) by Examiner J. P. Dwyer (Examiner's Name) on the invoices covered by the above-entitled appeals.

2. That as so limited, the prices at which such or similar merchandise was freely sold or offered for exportation to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values less the amounts of the items on the invoices marked "B" in green ink by the Examiner.

3. That the involved merchandise was entered or withdrawn from warehouse, for consumption on or after February 27, 1958, and is not identified in the

Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

4. That the appeals enumerated in the attached Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find, as to the items of merchandise marked and initialed by the examiner on the invoices as above described, that export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the values of the air mattresses involved and that such values are the appraised values, less the amounts of the items on the invoices marked "B" in green ink by the examiner.

Having been abandoned in all other respects, the said appeals for reappraisement are, as to all other merchandise, dismissed.

Judgment will issue accordingly.